UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE KAHN,<br><br>                  Plaintiff,<br><br>            - against-<br><br><br>NESHAMA CARLEBACH and NEDARA<br>CARLEBACH        Defendant. | Docket No. 1:19-cv-3855-RRM-CLP<br>JURY TRIAL DEMANDED |

# AMENDED COMPLAINT

Plaintiff Ronnie Kahn ("Kahn" or "Plaintiff") by and through his undersigned counsel, as and for his Amended Complaint against Defendant Neshama Carlebach ("First Defendant") and Nedara Carlebach ("Second Defendant" collectively with First Defendant, "Defendants") hereby alleges as follows:

## NATURE OF ACTION

1. **This is an action for multiple violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*,** including, but not limited to §§ 103 and 104, in that Plaintiff as author of the lyrics and Rabbi Shlomo Carlebach ("Shlomo") as author of the music are joint owners of the copyrighted song "*Return Again*" which copyrighted work was registered with the United States Copyright Office.

2. In violation of the copyright laws of the United States, Defendants, on or about October 13, 2006, prepared and filed a purported "renewal" of the 1975 copyright which falsely indicates Shlomo to be the sole owner and author of the "words and music" of the aforesaid copyrighted work and therefore falsely purports to transfer Kahn's joint ownership to Shlomo. Defendants' purported "renewal" of the 1975 copyright also falsely states that "*Return Again*" was created in 1965, and was published on January 1, 1978.

3. Alternatively, this is an action for copyright infringement under Section 501 of the Copyright Act and for an accounting. This action arises out of Defendants' unauthorized

reproduction and public display of a copyrighted musical composition entitled "*Return Again*", owned and registered by Kahn. Accordingly, Kahn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

4. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants reside in and/or transact business in New York.

6. Additionally, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, because Kahn resided in the State of Oregon, a different state than the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that they are so related to Plaintiff's copyright claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Kahn resides at 261 Loto Street, Eagle Point, Oregon 97524. Upon information and belief, First Defendant resides at 525 77th Street, Brooklyn, New York 11209. Upon information and belief, Second Defendant resides in the State of Israel.

10. Rabbi Shlomo Carlebach ( Shlomo") is the author of the music for "*Return Again*" and became deceased in 1992. He and Kahn were the joint authors and owners of "*Return Again*" 50/50 until Shlomo's death. Kahn and Shlomo's heirs are now joint owners of "*Return Again*" with Kahn owning 50% and Shlomo's heirs (believed to be First Defendant and her sister Second Defendant, collectively owning 50%).

11. Shlomo's daughters, First Defendant and Second Defendant are, upon information and belief, the heirs of Shlomo and inherited Shlomo's rights to "*Return Again*".

## STATEMENT OF FACTS

**A**  **Background and Plaintiff's Ownership of the Lyrics**

12. Kahn wrote the lyrics to the song "*Return Again*" (the "Lyrics").

13. Kahn is the author of the Lyrics and has at all times been the sole owner of all right, title and interest in and to the Lyrics, including the copyright thereto.

14. In 1975, Shlomo and Kahn registered the song "*Return Again*" through their then legal attorneys, Linden and Deutsch. The copyright registered with the United States Copyright Office was given registration number Eu631826. The registration correctly indicated that the Lyrics were authored by Kahn and the music authored by Shlomo and therefore Kahn and Shlomo were and are the joint owners of the copyright to "*Return Again*."

15. From the time he authored the song "*Return Again*" with Kahn until his death in 1994, Shlomo, at all times freely, openly and publicly acknowledged "our friend" Kahn to be the joint author of "*Return Again*." At no time did Shlomo ever claim to be the sole author of "*Return Again*." At no time did Shlomo claim that any part of "*Return Again*" was in the public domain.

16. Kahn, as joint author and co-owner of the copyright in the song "*Return Again*", is entitled to 50% of any income, royalties and revenues paid or due in respect of the song.

17. On or about October 13, 2006 "copyright claimant" Neshama Carlebach and Nedara Carlebach, upon information and belief, the heirs of Shlomo, caused a copyright registration to be prepared and filed with the US Copyright Office for the very same song "*Return Again*" (i.e. same Lyrics written by Kahn and same music) in the 1975 copyright (the "New Copyright").

18. However, the New Copyright alleges that "*Return Again*" was created in 1965 and was allegedly published on January 1, 1978, and that the "words and music" i.e. the entire song, was authored by Shlomo alone.

19. It is instructive that the purported date of publication provided in the New Copyright registration is January 1, 1978, conveniently the date provided in the US Copyright Act upon which the requirement for publication or registration in order to recognize a copyrighted work, was eliminated, and works created then or thereafter, are automatically protected for the life of the author plus 70 years.

20. First Defendant and her attorney have at various times taken various positions regarding Kahn's joint ownership of "*Return Again*." But at no time has either Shlomo or his heirs ever accounted to Kahn for the performance(s) of "*Return Again*", nor provided any income, royalties or revenues due to him in relation to the song. Further, at all material times to this suit, Defendants have refused to formally recognize Kahn's join ownership and have thereby, refused to provide an accounting to Kahn despite numerous pleas and requests by Kahn who has made known to the Defendants that he is destitute, living in abject poverty and is in need of what is rightfully and legally his.

### B. Defendant's Infringing Activities

21. Defendants used the same Lyrics created by Kahn and registered the very same song "*Return Again*" but in the voice of First Defendant, when filing the New Copyright. See URL: https://www.youtube.com/watch?v=SDrf3VwABAw.

22. Defendants did not license the Lyrics from Plaintiff, nor did Defendants have Plaintiff's permission or consent to use the Lyrics on her song in the New Copyright.

23. Fully cognizant of the 1975 copyright filing for the song, "*Return Again*", Defendants made deliberate misrepresentations in the registration of the New Copyright to the effect that Shlomo was the sole author of the song, it was created in 1965 and that it was first published on January 1, 1978.

### C. Defendant's Defective Copyright Renewal

24. On or about October 13, 2006, Defendants purported to file a copyright for the very same song "*Return Again*" (i.e. same Lyrics and music) as those in the 1975 copyright. In the event that Defendants' actions as purported "copyright claimants" are deemed to have attempted to renew the 1975 copyright, the renewal filing was defective on account of the fact that it failed to mention Kahn as the joint author of the song, instead stating that Shlomo was its sole author.

25. Further to paragraph 24 above, the 2006 copyright filing, if deemed to be a renewal, was further defective on account of it stating that the song was created in 1965 and the date of publication was January 1, 1978 contrary to the 1975 copyright of the song.

26. Defendants failed to correct the 2006 copyright renewal despite numerous requests by Plaintiff to Defendants drawing her attention to the 1975 copyright and the fact that Kahn should be recognized as the joint author of the song.

### D. Defendant's Duty to Account to Plaintiff

27. To the extent that Plaintiff and Defendants are deemed co-owners and/or joint authors of any copyrighted work, derivative or otherwise, relating to Lyrics (collectively the "Joint Works"), then Plaintiff has the right to access the books and records of Defendants, including of any financial information concerning the exploitation of any of the Joint Works.

28. Defendants owe a fiduciary duty to Plaintiff to account for any royalties relating to Defendants' exploitation of the Joint Works.

29. Defendants have failed to account to Plaintiff, despite numerous requests for an accounting.

# FIRST CLAIM FOR RELIEF
# (FOR A DECLARATORY JUDGMENT REGARDING THE AUTHORSHIP AND OWNERSHIP OF THE COPYRIGHTED WORK "RETURN AGAIN")
# (17 U.S.C. §§ 106, 501) and Rule 56 of the Federal Rules of Civil Procedure and 28 U. S. Code § 2201.

30. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-29 above.

31. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U. S. Code § 2201, Kahn seeks a declaratory judgment regarding his joint ownership of the copyrighted song "*Return Again*" and with the aforesaid determination, a further determination of the validity of the registration of the performance rights to "*Return Again*" which is currently AND FALSELY registered with Broadcast Music Incorporated (BMI) as being 100% authored by Shlomo WHEN IN FACT Kahn owns 50% of the song and all income, royalties and revenues related thereto.

# SECOND CLAIM FOR RELIEF
# (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
# (17 U.S.C. §§ 106, 501)

32. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33. Defendants infringed Plaintiff's copyright in the Lyrics by reproducing and publicly displaying the Lyrics on their song. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Lyrics.

34. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

36. As a direct and proximate cause of the infringement by Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for the infringement.

37. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants' willful infringement of the Lyrics, pursuant to 17 U.S.C. § 504(c).

38. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
## (AMENDMENT OF RENEWED COPYRIGHT APPLICATION)
## (17 U.S.C. §§ 103 and 104)

39. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-38 above.

40. In the event the 2006 New Copyright is deemed to be a renewal of the 1975 copyright of the song "*Return Again*", Plaintiff is entitled to the correction of the defective filing to provide that Plaintiff is a co-owner and joint author of the song.

41. To the extent that Plaintiff and Defendants are deemed co-owners and/or joint authors of "*Return Again*", then Plaintiff has the right to access the books and records of Defendants, including of any financial information concerning the exploitation of any of the Joint Works.

42. Further to Paragraph 41 above, Plaintiff as co-owner and joint author of the copyright is entitled to half of all royalties of the song.

## FOURTH CLAIM FOR RELIEF
## (ACCOUNTING)

43. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

44. To the extent that Plaintiff and Defendants are deemed co-owners and/or joint authors of any copyrighted work, derivative or otherwise, relating to Lyrics (collectively the "Joint Works"), then Plaintiff has the right to access the books and records of Defendants, including of any financial information concerning the exploitation of any of the Joint Works.

45. Defendants owe Plaintiff a fiduciary duty to Plaintiff account for any royalties relating to Defendants' exploitation of the Joint Works.

46. Upon the rendering of an accounting, Plaintiff should be capable of determining the amount of gross revenues derived from Defendants' exploitation of theJoint Works.

47. Defendants have a duty to account, have failed and refused to do so, and have never rendered an accounting of the financial royalties derived from Defendants' exploitation of the Joint Works.

48. Further to Paragraph 47 above, Plaintiff as co-owner and joint author of the copyright is entitled to half of all income, royalties and revenues of the song.

49. As a result of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

50. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. An Order be made:

   i. Declaring Ronnie Kahn to be joint owner of the copyright for the song "*Return Again*";
   ii. Declaring that Ronnie Kahn as joint owner of the copyright of the song "*Return Again*" and is entitled to 50% of all income, royalties and revenues made from the song;
   iii. Directing Defendants to file an amended copyright renewal identifying Ronnie Kahn as the author of the Lyrics/words for the song "*Return Again*";
   iv. Directing Defendants to provide Plaintiff with a complete

|     | accounting for all monies received by Rabbi Shlomo Carlebach and/or the heirs to Shlomo for the performance, licensing or other uses of the song "*Return Again*"; |
| --- | --- |
| v.  | That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505; |
| vi. | That Plaintiff be awarded pre-judgment interest; and |
| vii.| For all other relief as this Court deems just and proper. |

### DEMAND FOR TRIAL BY JURY

**Plaintiff hereby demands trial by jury of all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).**

**Dated: New York, New York**
 **August 17, 2021**

*[signature]*

**THOMSON OLLUNGA LLP**
*Attorneys for Plaintiff*
By: Samuel Ollunga, Esq.
41 Madison Avenue, 31st Floor
New York, NY 10010
Telephone: (212) 335-0751
Fax: (332) 777-2456
E-mail: sam@thomsonollunga.com