UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONNIE KAHN,

                    *Plaintiff*,

          -against-                                    Docket No. 1:19-cv-3855-AMD-JRC

NESHAMA CARLEBACH and NEDARA
CARLEBACH,

                    *Defendants*

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT,
# FOR FEES AND FOR SANCTIONS

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

I.   The Second Amended Complaint Should Be Dismissed for Failure to State a Claim ....... 5

    A.   Kahn's Second Claim Must Be Dismissed Because He May Not Maintain a Copyright Infringement Claim Against the Co-Owners of the Allegedly Infringed Copyright ..................................................................................................... 5

    B.   Kahn's Fourth Claim Must Be Dismissed Because He Cannot Maintain A Standalone Claim for an Accounting ....................................................................... 6

    C.   Kahn's First Claim Must Be Dismissed Because He Has Not Identified A Qualifying Controversy ........................................................................................... 7

    D.   Kahn's Third Claim Should be Dismissed Because He Does Not State a Claim for "Amendment Of Renewed Copyright Application" ................................................. 8

II.   If the Court Dismisses the Second Amended Complaint, It Should Also Award Defendants Their Full Costs and Reasonable Attorney's Fees as the Prevailing Party ...... 9

III.   If the Court Dismisses the Second Amended Complaint, It Should Also Sanction Plaintiff's Former and Current Counsel for Bringing and Maintaining this Vexatious Litigation ............................................................................................................................ 10

CONCLUSION ........................................................................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ............................................. 2

*Microsoft Corp. v. AGA Sols., Inc.*, No. 05CV5796(DRH)(MLO), 2007 WL 777756 (E.D.N.Y. Mar. 12, 2007) ........................................................................................................................... 6

*Oddo v. Ries*, 743 F.2d 630 (9th Cir. 1984) ................................................................................. 5

*Picture Music Inc. v. Bourne, Inc.*, 314 F. Supp. 640 (S.D.N.Y. 1970), *aff'd*, 457 F.2d 1213 (2d Cir.), *cert. denied*, 409 U.S. 997 (1972) .................................................................................... 6

*Richmond v. Weiner*, 353 F.2d 41 (9th Cir. 1965) ........................................................................ 5

*Usherson v. Bandshell Artist Mgt.*, 19-CV-6368 (JMF) (S.D.N.Y. June 26, 2020) ...................... 9

**Statutes**

17 U.S.C. § 103 ............................................................................................................................. 8

17 U.S.C. § 505 ............................................................................................................................. 9

28 U.S.C. § 1927 ......................................................................................................................... 10

417 U.S.C. § 104 .......................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1

## PRELIMINARY STATEMENT

Defendants Neshama and Nedara Carlebach (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") (ECF 33) of Plaintiff Ronnie Kahn ("Kahn" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

Kahn purports to have co-authored a song – "Return Again" – with the late Rabbi Shlomo Carlebach, who died in 1994. Specifically, Kahn purports to have authored the English language lyrics, while Rabbi Carlebach authored the Hebrew lyrics and the music. This entire case is only about the English language lyrics allegedly authored by Kahn. Kahn is suing Rabbi Carlebach's daughters – the Defendants – in connection with the lyrics.

At issue are two copyright registrations – a 1975 registration filed by Rabbi Carlebach and Kahn, and a 2006 registration filed by the Defendants – both for musical works entitled "Return Again." Defendants move to dismiss the SAC because all of Kahn's claims fail as a matter of law.

Kahn's second claim, for infringement of the 1975 copyright, fails because he cannot sue Defendants as a matter of law. This claim has been a part of Kahn's case since inception (indeed the original Complaint contained only one claim, for copyright infringement). Kahn alleges in the SAC that he and Rabbi Carlebach are the co-owners of the 1975 copyright (which is what the registration states), and that Defendants are the heirs of Shlomo Carlebach and inherited their father's rights. As a matter of black letter copyright law, co-owners of a copyright registration may not maintain actions for infringement against each other and this claim must be dismissed.

Kahn's fourth claim, for an accounting, fails because it does not state a valid cause of action but rather a remedy, which is unable to stand on its own, especially in view of the required dismissal of the second claim for copyright infringement.

Kahn's first claim, for declaratory judgment, fails because he seeks a declaration of something he already alleges to be true and does not allege to be in dispute – that the co-owners of the 1975 copyright registration are Kahn and Rabbi Carlebach.  His secondary request – for modification of the records of non-party Broadcast Music Inc. ("BMI") – is lacking in basis, specificity, or allegation of a dispute.

Kahn's third claim, for amendment of the 2006 copyright registration, likewise fails for specificity, in that Kahn alleges nothing that would allow the Court to determine whether the 2006 copyright registration was for the same or a different musical work than the 1975 copyright registration.

## STATEMENT OF FACTS[1]

Kahn alleges the following in the SAC:

10.     Rabbi Shlomo Carlebach ("Shlomo") is the author of the music for "Return Again" and became deceased in 1992. He and Kahn were the joint authors and owners of "Return Again" 50/50 until Shlomo's death. Kahn and Shlomo's heirs are now joint owners of "Return Again" with Kahn owning 50% and Shlomo's heirs (believed to be First Defendant and her sister Second Defendant, collectively owning 50%).

11.     Shlomo's daughters, First Defendant and Second Defendant are, upon information and belief, the heirs of Shlomo and inherited Shlomo's rights to "Return Again".

12.     Kahn wrote the lyrics to the song "Return Again" (the "Lyrics").

---

[1] For purposes of this motion – and this motion alone – Defendants assume the facts alleged by Plaintiff to be true.  As discussed below, even if all of Plaintiff's alleged facts were true, the Amended Complaint would be insufficient to state a claim.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) ("In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, we accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party.") (citations omitted).

14.     In 1975, Shlomo and Kahn registered the song "Return Again" through their then legal attorneys, Linden and Deutsch. The copyright registered with the United States Copyright Office was given registration number Eu631826. The registration correctly indicated that the Lyrics were authored by Kahn and the music authored by Shlomo and therefore Kahn and Shlomo were and are the joint owners of the copyright to "Return Again."

16.     Kahn, as joint author and co-owner of the copyright in the song "Return Again", is entitled to 50% of any income, royalties and revenues paid or due in respect of the song.

17.     On or about October 13, 2006 "copyright claimant" Neshama Carlebach and Nedara Carlebach, upon information and belief, the heirs of Shlomo, caused a copyright registration to be prepared and filed with the US Copyright Office for the very same song "Return Again" (i.e. same Lyrics written by Kahn and same music) in the 1975 copyright (the "New Copyright").

18.     However, the New Copyright alleges that "Return Again" was created in 1965 and was allegedly published on January 1, 1978, and that the "words and music" i.e. the entire song, was authored by Shlomo alone.

24.     On or about October 13, 2006, Defendants purported to file a copyright for the very same song "Return Again" (i.e. same Lyrics and music) as those in the 1975 copyright. In the event that Defendants' actions as purported "copyright claimants" are deemed to have attempted to renew the 1975 copyright, the renewal filing was defective on account of the fact that it failed to mention Kahn as the joint author of the song, instead stating that Shlomo was its sole author.

25.     Further to paragraph 24 above, the 2006 copyright filing, if deemed to be a renewal, was further defective on account of it stating that the song was created in 1965 and the date of publication was January 1, 1978 contrary to the 1975 copyright of the song.

Kahn did not attach either the 1975 copyright registration or the 2006 copyright

registration to the SAC, nor did he attach or identify any version of the purported lyrics.


**<u>PROCEDURAL POSTURE</u>**

Kahn filed the Complaint (ECF 1) on July 2, 2019, through his then-counsel Richard

Liebowitz.  The Complaint – against Neshama Carlebach – contained a single claim of copyright

infringement.  On October 18, 2019, Ms. Carlebach made an application for a pre-motion

conference, in advance of a planned motion to dismiss the Complaint.  ECF 7-9.  In its letters

(ECF 7, 9), counsel for Ms. Carlebach advised that Kahn could not maintain a claim for

copyright infringement, and advised the Court of its intent to seek costs and sanctions if Kahn

maintained the copyright infringement claim.

       The Court scheduled a pre-motion conference on January 9, 2020.  On January 3, 2020 –

6 days before the conference – Kahn filed an Amended Complaint against Ms. Carlebach, which

maintained the claim for copyright infringement and added a second claim, for an accounting.

ECF 12.  The parties appeared for the conference on January 9, 2020, at which counsel for Ms.

Carlebach reiterated its position regarding copyright infringement, and its intention to seek costs

and sanctions if the case was not voluntarily dismissed.

       The parties submitted additional letters to the Court after the conference concerning

Kahn's desire to file a Second Amended Complaint, and Ms. Carlebach's opposition to same and

ongoing intention to file a motion to dismiss.  ECF 19-20.  Counsel for Ms. Carlebach continued

to advise the Court that no claim for copyright infringement could be maintained, and that she

would seek costs and sanctions in connection therewith.  ECF 20.

       On March 3, 2021, following Mr. Liebowitz's suspension from the practice of law in the

Eastern District of New York, the Court granted the motion of the Liebowitz Law Firm to be

relieved from further representation of Mr. Kahn.  ECF 28.  Telephonic conferences were held

before Magistrate Judge Cho on May 6, June 22, July 19, and August 19, 2021.  On July 20,

2021, substitute counsel filed his appearance for Kahn (ECF 32) and on August 17, 2021, Kahn

filed the SAC.  ECF 33.  The SAC maintains the claims for copyright infringement (Second

Claim) and for an accounting (Fourth Claim), and adds claims for declaratory judgment (First

4

Claim) and "amendment of renewed copyright application" (Third Claim).  It also adds Nedara

Carlebach – Rabbi Carlebach's other daughter and heir – as a second defendant.

On November 15, 2021, Defendants moved to dismiss the SAC.  ECF 37.  On January

25, 2022, the Court denied that motion without prejudice, referring the case to the Eastern

District of New York Mediation Program.  On March 7, 2022, the parties selected a mediator.

On July 7, 2022, the Court ordered, *inter alia*, that "plaintiff shall inform the Court whether he

intends to pursue this action or would agree to a voluntary dismissal without prejudice….Parties

need not participate in any mediation at this time."  On August 9, 2022, Defendants moved for a

pre-motion conference in connection with their motion to dismiss of the SAC.  ECF 49.  On

August 16, 2022, the Court denied that motion without prejudice to renewal.  On September 30,

2022, Defendants renewed their motion for a pre-motion conference (ECF 50), and on October 3,

2022, the Court denied the motion for a pre-motion conference as unnecessary, and set the

briefing schedule for the instant motion.


## ARGUMENT

### I.    The Second Amended Complaint Should Be Dismissed for Failure to State a Claim

The SAC should be dismissed in its entirety.  We address the claims out of sequence –

beginning with the second claim for copyright infringement – for purposes of clarity.

#### A.    Kahn's Second Claim Must Be Dismissed Because He May Not Maintain a Copyright Infringement Claim Against the Co-Owners of the Allegedly Infringed Copyright

As counsel for the Defendants have said from the very beginning of this case (*see*, *e.g.*,

ECF 7 & 20), Kahn's second claim violates a fundamental principle of copyright law, namely

that co-owners of a copyright may not sue each other for infringement. *Oddo v. Ries*, 743 F.2d

630, 632-33 (9th Cir. 1984) (*citing Richmond v. Weiner*, 353 F.2d 41, 46 (9th Cir. 1965); *Picture*

*Music Inc. v. Bourne, Inc*., 314 F. Supp. 640, 646 (S.D.N.Y. 1970), *aff'd*, 457 F.2d 1213 (2d Cir.), *cert. denied*, 409 U.S. 997 (1972)).

Kahn affirmatively alleges that he and Rabbi Carlebach were the co-owners of the 1975 copyright registration, that Defendants are the heirs of Rabbi Carlebach, and that they inherited their father's rights in the 1975 copyright registration: "[Rabbi Carlebach] and Kahn were the joint authors and owners of 'Return Again' 50/50 until Shlomo's death. Kahn and Shlomo's heirs are now joint owners of 'Return Again' with Kahn owning 50% and Shlomo's heirs (believed to be First Defendant and her sister Second Defendant, collectively owning 50%)." ECF 33 ¶ 10.

As a fundamental matter of copyright law, Kahn's Second Claim for Relief (Copyright Infringement Against Defendant) must be dismissed.

### B.   Kahn's Fourth Claim Must Be Dismissed Because He Cannot Maintain A Standalone Claim for an Accounting

Kahn's fourth claim – seeking an accounting – must be dismissed because it is a remedy, not a cause of action:

> An accounting is a remedy provided for by the Copyright Act, the Lanham Act and 18 U.S.C. § 2318. It is not a basis for liability and therefore is not assertable as a cause of action. Whether the Plaintiff is entitled to the remedy of an accounting is not a question to be answered on a motion to dismiss. As a cause of action, the claim for an accounting is dismissed

*Microsoft Corp. v. AGA Sols., Inc*., No. 05CV5796(DRH)(MLO), 2007 WL 777756, at *7 (E.D.N.Y. Mar. 12, 2007) (Hurley, J.).[2]  In addition, because Kahn may not maintain a cause of action for copyright infringement against the co-owner Defendants, there is no basis for the accounting remedy under the Copyright Act.

_____

[2] Magistrate Judge Mauskopf specifically advised counsel for both parties of the *Microsoft v. AGA* case, and its holding, at the January 9, 2020 conference.

**C.     Kahn's First Claim Must Be Dismissed Because He Has Not Identified A Qualifying Controversy**

Kahn's first claim – one of the two added to the SAC – is for "a declaratory judgment regarding his joint ownership of the copyrighted song 'Return Again' and with the aforesaid determination, a further determination of the validity of the registration of the performance rights to 'Return Again' which is currently AND FALSELY registered with Broadcast Music Incorporated (BMI) as being 100% authored by Shlomo WHEN IN FACT Kahn owns 50% of the song and all income, royalties and revenues related thereto."  ECF 33 ¶ 31 (capitalization in original).

Kahn appears to want this Court to make two determinations: first, that he and the Defendants are co-owners of the 1975 copyright registration, and second, that the records of BMI should be changed to reflect a 50:50 ownership split.  As to the first request, Kahn already alleges that he and Defendants co-own the 1975 copyright registration (indeed, as discussed above, this is why the claim for copyright infringement must be dismissed) and there is no allegation anywhere in the SAC that this issue is disputed.

As to Kahn's second request – which amounts to a request that this Court order non-party BMI's records to be changed – is decidedly lacking in what this Court would require to rule in Kahn's favor.  Kahn alleges that, as co-owner, he "is entitled to 50% of any income, royalties and revenues paid or due in respect of the song" (ECF 33 ¶ 16), but provides no details as to the basis for his 50% ownership.  Presumably this would be a matter of contract, but Kahn has not pointed to any contract whatsoever that would govern his right to a particular share of income.  Kahn also fails to allege that this is a disputed issue, and for this reason his first claim falls far short of what is required to maintain a declaratory judgment action.

**D.     Kahn's Third Claim Should be Dismissed Because He Does Not State a Claim for "Amendment Of Renewed Copyright Application"**

Kahn's third claim is entitled "Amendment Of Renewed Copyright Application," citing 17 U.S.C. §§ 103 and 104.  Although not stated with particular clarity, Kahn appears to be asking this Court to order the amendment of the records of the Copyright Office concerning the 2006 copyright registration.  This claim should be dismissed because – like the fourth claim – it is a request for a remedy and does not state a claim recognized under the Copyright Act.  Indeed, the cited statutory provisions appear inapt, as 17 U.S.C. § 103 concerns "Subject Matter of Copyright: Compilations and Derivative Works," while 17 U.S.C. § 104 concerns "Subject Matter of Copyright: National Origin."

It should also be dismissed because the SAC does not allege or provide facts that – if true – would sufficient to give the Court sufficient basis to direct the amendment of the records of the Copyright Office.  Kahn alleges in the SAC that the 2006 registration is for the "same lyrics" as the 1975 registration:

> 17.     On or about October 13, 2006 "copyright claimant" Neshama Carlebach and Nedara Carlebach, upon information and belief, the heirs of Shlomo, caused a copyright registration to be prepared and filed with the US Copyright Office for the very same song "Return Again" (i.e. same Lyrics written by Kahn and same music) in the 1975 copyright (the "New Copyright").

> 21.     Defendants used the same Lyrics created by Kahn and registered the very same song "Return Again" but in the voice of First Defendant, when filing the New Copyright. See URL: https://www.youtube.com/watch?v=SDrf3VwABAw.

ECF 33 ¶¶ 17, 21.  There are serious problems with the foregoing.

First, Defendants maintain that without the deposit copies in hand, Plaintiff had no good faith basis (and still has no good faith basis) to bring this action based on infringement of lyrics

in the first place.[3]  *See* ECF 34, 35, 36 (confirming as late as November 2021, and certainly

when Kahn initiated suit in 2019, neither party had secured the 1975 deposit copy).  Kahn also

fails to even <u>identify</u> (let alone attach) the 2006 registration, although for purposes of this motion

we assume it to be PA0001393661.

Second, to the extent Kahn does attempt to identify the lyrics, he and his counsel appear

to misunderstand the legal standards involved.  In paragraph 21 of the SAC (reproduced above),

Kahn cites to a YouTube link as apparent proof of his allegation that the 1975 and 2006

registrations are for the identical works.  The YouTube link is to a <u>sound recording</u> of Defendant

Neshama Carlebach singing "Return Again," but does not indicate that it reflects what

Defendants filed with the Copyright Office in 2006, or what Rabbi Carlebach and Kahn filed

with the Copyright Office in 1975, or the extent to which the lyrics of the sound recording

available on YouTube resemble either of those.

## II.    If the Court Dismisses the Second Amended Complaint, It Should Also Award Defendants Their Full Costs and Reasonable Attorney's Fees as the Prevailing Party

Section 505 of the Copyright Act provides: "In any civil action under this title, the court

in its discretion may allow the recovery of full costs by or against any party other than the United

States or an officer thereof.  Except as otherwise provided by this title, the court may also award

a reasonable attorney's fee to the prevailing party as part of the costs."  In anticipation of

Defendants prevailing on this motion, and the refusal by Kahn and his counsel to drop their

---

[3] The Court will recall that Kahn's original counsel – Richard Liebowitz – was ordered by U.S. District Judge Furman as follows in another matter, after it was determined that he brought a copyright infringement action over a photograph that had not been registered: "In any action that is filed within one year of the date of this Opinion and Order by Mr. Liebowitz or his firm that involves allegations or claims of copyright infringement, <u>the complaint shall include as an attached exhibit a copy of the deposit files maintained by the U.S. Copyright Office reflecting prior registration of the relevant copyrighted work or works at issue</u>."  Opinion and Order, *Usherson v. Bandshell Artist Mgt.*, 19-CV-6368 (JMF) (S.D.N.Y. June 26, 2020) (emphasis added) (filed in <u>this case</u> at ECF 21).

9

claims, especially their claim for copyright infringement, despite being told multiple times that they may not maintain an infringement claim against co-owners of the copyright, and despite being warned multiple times that Defendants would seek costs if they persisted in their course of action, Defendants seek the maximum recovery of costs and attorney's fees allowed under § 505.

More recently, the Court has given Kahn and his counsel every possible accommodation, including directing the parties to mediation, which did not occur because Kahn refused to participate even in a <u>remote</u> the mediation session.

### III. If the Court Dismisses the Second Amended Complaint, It Should Also Sanction Plaintiff's Former and Current Counsel for Bringing and Maintaining this Vexatious Litigation

Separate and apart from the costs and attorney's fees available under the Copyright Act, 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Both Kahn's prior counsel and his current counsel unreasonably and vexatiously multiplied the proceedings in this case.

Kahn's original counsel, the Liebowitz Law Firm, did so by bringing a case that they should not have brought, and should have known they could not bring. Even assuming Liebowitz and his colleagues somehow did not know, or should not have known, the facts, they have refused to dismiss the case even after being advised by the undersigned that Kahn's claim for copyright infringement against co-owners were barred by foundational copyright law and that the undersigned would seek sanctions if they did not voluntarily dismiss their claims. Indeed, even after being so advised, the Liebowitz Law Firm filed a First Amended Complaint that

maintained the copyright infringement claim, and Kahn's new counsel filed a Second Amended Complaint that included, *inter alia*, the copyright infringement claim.

Kahn's repeated avoidance of and oftentimes refusal to participate in the very litigation process that he commenced has led to significant and costly delays, the cost of which has been borne disproportionately by Defendants.


## **CONCLUSION**

Defendants Neshama Carlebach and Nedara Carlebach's Motion to Dismiss the Second Amended Complaint, and for fees and sanctions, should be granted in its entirety, with prejudice.


Dated:   New York, New York            Respectfully submitted,
             November 3, 2022

                                                  _____/s/ Hillel I. Parness_____
                                                  Hillel I. Parness
                                                  PARNESS LAW FIRM, PLLC
                                                  136 Madison Ave., 6th Floor
                                                  New York, New York  10016
                                                  212-447-5299
                                                  hip@hiplaw.com
                                                  *Attorneys for Defendants*
                                                  *Neshama Carlebach and Nedara Carlebach*