UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :

**RONNIE KAHN,**

                              Plaintiff,

                        - against -

**NESHAMA CARLEBACH** and **NEDARA CARLEBACH**,

                              Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

19-CV-3855 (AMD) (JRC)

**ANN M. DONNELLY**, District Judge:

The plaintiff brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.*, alleging co-authorship and copyright-infringement claims. Before the Court are the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for costs, attorney's fees and sanctions. For the reasons that follow, the motion to dismiss is denied in part and granted in part. The motions for costs, fees and sanctions are denied without prejudice.

## BACKGROUND

According to the second amended complaint, the plaintiff co-wrote a song titled "Return Again" with Shlomo Carlebach in 1975. (ECF No. 33 ¶¶ 1, 2.) The plaintiff wrote the English lyrics, and Mr. Carlebach wrote the music and the Hebrew lyrics. (*Id.* ¶¶ 12–14.) They registered the song with the U.S. Copyright Office the same year, noting their joint authorship on the registration. (*Id.* ¶ 14; ECF No. 56-3.)[1] Mr. Carlebach died in 1994.

---

[1] When ruling on a motion to dismiss, a district court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). The plaintiff expressly refers to the 1975 and 2006 registrations in the complaint and attaches them to his memorandum, so the Court will rely on these documents. However, the plaintiff also submits letters

In 2006, Mr. Carlebach's daughters—the defendants in this case—registered a song titled "Return again" with the U.S. Copyright Office.  (ECF No. 33 ¶ 17; ECF No. 56-4.)  They attributed the "words & music" to Mr. Carlebach and did not mention the plaintiff.  (ECF No. 56-4.)  They also stated that Mr. Carlebach wrote the song in 1965 and first published it in 1978.  (*Id.*)

The plaintiff claims that the 2006 registration was for the "very same song," and that he "did not license the Lyrics" to the defendants or otherwise give them "permission or consent to use the Lyrics . . . in the New Copyright."  (ECF No. 33 ¶¶ 17, 21, 22, 24.)  The plaintiff acknowledges that the defendants are Mr. Carlebach's "heirs" and "now joint owners" of the song but argues that they improperly excluded him from the registration and refused to pay him his share of the royalties.  (*Id.* ¶¶ 10, 20.)

The plaintiff seeks a declaratory judgment establishing his joint ownership of the song, as well as an accounting.  He also claims that the defendants infringed his copyright in violation of 17 U.S.C. §§ 106 and 501, and that they improperly amended the 1975 registration.  The defendants move to dismiss for failure to state a claim, as well as for costs, attorney's fees and sanctions for vexatious litigation.  (ECF No. 51.)

## LEGAL STANDARD

Federal Rule 8 of Civil Procedure requires a plaintiff to plead sufficient facts that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations"

---

that are entirely "outside" the complaint; the Court cannot consider them "without converting Defendants' motion into one for summary judgment."  *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215, 2018 WL 4759737, at *5 (S.D.N.Y. Sept. 30, 2018).

are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)).

## DISCUSSION

### I.   Declaratory Judgment Regarding Joint Ownership

In Count I, the plaintiff "seeks a declaratory judgment regarding his joint ownership of the copyrighted song . . . and . . . a further determination of the validity of the registration . . . [as] registered with Broadcast Music Incorporated (BMI) as being 100% authored by [Mr. Carlebach] when in fact Kahn owns 50% of the song and all income, royalties and revenues related thereto." (ECF No. 33 ¶ 31 (capitalization altered).)  The defendants interpret Count I as a request to declare the plaintiff to be a joint author of the 1975 song and to order BMI, which is not a party to this suit, to change its records.  (ECF No. 51-1 at 7.)  They argue that those allegations do not state a claim, because (1) declaratory relief is a remedy, not a claim; (2) there is "no allegation anywhere" in the second amended complaint that the ownership of the 1975 registration "is disputed;" and (3) the plaintiff "provides no details as to the basis for his 50% ownership" of the BMI registration such as a "contract . . . that would govern his right to a particular share of income." (*Id.*; ECF No. 57 at 9.)

Although the plaintiff's allegations may not be "a model of clarity when it comes to articulating . . . causes of action," the defendants misread his claims. *See Pastime LLC v. Schreiber*, No. 16-CV-8706, 2017 WL 6033434, at *3–4 (S.D.N.Y. Dec. 5, 2017) (considering several interpretations of a copyright complaint).  The plaintiff is not asking the Court to determine the ownership of the 1975 registration—indeed, he provides a copy of that

registration, which clearly identifies him as a co-author of the song with Mr. Carlebach. (*See* ECF No. 56-3.) Instead, the central premise of his complaint is that "on or about October 13, 2006," the defendants "prepared and filed a purported 'renewal' of the 1975 copyright which falsely indicates [Mr. Carlebach] to be the sole owner and author" of the song that the plaintiff helped write and that as a result of the 2006 registration, the plaintiff has not received the royalties due to him under the 1975 registration. (ECF No. 33 ¶ 2; *see also id.* ¶¶ 16, 17, 20, 21, 24, 26, 28, 29.) It therefore appears that in Count I, the plaintiff seeks a declaration that he is a co-author of the song the defendants registered in 2006 as well as an order to pay him 50% of the royalties that the defendants have collected on that registration.

So construed, the allegations in Count I are sufficient to state a claim. It is the law in this Circuit that district courts can declare parties to be co-authors of a copyrighted work and to order one of them "to account to the other . . . for any profits that are made," regardless of any contract. *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998); *see also Childress v. Taylor*, 945 F.2d 500, 504–09 (2d Cir. 1991); *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266, 267 (2d Cir. 1944).

The complaint also includes sufficient factual detail to withstand a motion to dismiss. In addition to the 1975 registration of "Return Again" identifying him as an author of the song, the plaintiff provides a printout from the U.S. Copyright Office database showing that the defendants registered a song titled "Return again" in 2006 and listed Mr. Carlebach as the only author. (ECF Nos. 56-3, 56-4). The plaintiff also alleges that the 2006 copyright is for the "same song" as the 1975 copyright. (ECF No. 33 ¶¶ 17, 21, 24). And he claims that the defendants "have refused to formally recognize Kahn's joint ownership and have thereby[] refused to provide an accounting to Kahn." (*Id.* ¶ 20.) "Federal Rule of Civil Procedure 8(a)(2) requires only a short

4

and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). The plaintiff's pleadings clearly provide this notice. All the defendants have to do is compare the lyrics and music of the 1975 registration that the plaintiff attached to his memorandum with the 2006 registration that they possess as copyright holders. No more is required at this stage of the litigation.[2]

## II. Copyright Infringement

In Count II, the plaintiff asserts that the defendants "infringed [his] copyright" because they "are not, and have never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Lyrics." (ECF No. 33 ¶ 33.) Elsewhere in the complaint, however, the plaintiff acknowledges that as Mr. Carlebach's "heirs," the defendants are "joint owners" of the song. (*Id.* ¶¶ 10, 11, 16.) An "action for infringement between joint authors will not lie because an individual cannot infringe his own copyright." *See Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989). Instead, the proper remedy for "an alleged co-author . . . [is] a declaration of co-ownership rights," which the plaintiff already seeks in Count I. *Kwan v. Schlein*, 441 F. Supp. 2d 491, 498–99 (S.D.N.Y. 2006) (reforming an infringement claim to state a co-authorship claim).

Nor can the plaintiff claim sole authorship in just the song's lyrics. As the Second Circuit clarified almost a decade ago, the Copyright Act's "definition of 'joint work,' a work prepared by multiple authors with the intention that their contributions be merged into

---

[2] I do not interpret the plaintiff's reference to BMI as a request that the Court enjoin BMI. (*See* ECF No. 33 at 7–8 (asking solely for relief against the defendants).) The Court cannot enjoin nonparties except in limited circumstances not applicable in this case. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999). Rather, I assume that the plaintiff is simply providing context for his claims.

5

inseparable or interdependent parts of a unitary whole, suggests that such inseparable contributions are not themselves 'works of authorship'" subject to their own copyright protection. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 257 (2d Cir. 2015) (cleaned up). And courts have long viewed songs as paradigmatic examples of "joint work." *E.g. Childress*, 945 F.2d at 504–05 (reaching a "fairly straightforward" conclusion that "words and music combine[]" into a single joint work); *Edward B. Marks Music Corp.*, 140 F.2d at 267 (holding, back in 1944, that a co-author of a song could not copyright the lyrics separately from the song); *see also* 17 U.S.C. § 102(a)(2) (providing copyright protection to "musical work," which encompasses both the notes and lyrics of a song).

Accordingly, the plaintiff may not bring a copyright infringement action against the defendants, and Count II is dismissed.

### III. Copyright Renewal

In Count III, the plaintiff seeks "correction of the defective filing to provide that Plaintiff is a co-owner and joint author of the song" if "the 2006 New Copyright is deemed to be a renewal of the 1975" registration. (ECF No. 33 ¶ 40.) The plaintiff also asks "to access the books and records of Defendants" and to receive "half of all royalties of the song." (*Id.* ¶¶ 41– 42.)

Works created before 1978 are governed by the Copyright Act of 1909. *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 380 F.3d 624, 632– 33 (2d Cir. 2004). When the Act was passed, it granted copyright protection for an initial term of 28 years, with an additional 28 years available if the copyright owner applied for renewal in the last year of the initial term. *Id.* at 633. In 1976, Congress extended the renewal term to 47 years, and in 1992, it made renewal registration optional. *Id.* Congress amended this scheme

6

once again in 1998, extending the renewal term by another twenty years. *Id.* This means that the 2006 registration cannot be "deemed . . . a renewal of the 1975" registration (ECF No. 33 ¶ 40), because the initial copyright term for that registration ran out in 2003 and was automatically renewed for another 67 years.

But even assuming that the 2006 registration somehow constitutes an improper or a fraudulent application for renewal, the Court cannot correct it. "Nothing in the Copyright Act, nor any other federal statute, grants federal courts the power to cancel or nullify a copyright registration." *Pastime*, 2017 WL 6033434, at *3 (citing *Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014)). Similarly, "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action." *Vaad L'Hafotzas Sichos, Inc. v. Krinsky*, 133 F. Supp. 3d 527, 537 (E.D.N.Y. 2015) (citation omitted). And when it comes to joint authors, "one joint author [may] register[] a copyright individually . . . , but the registered owner holds the copyright in constructive trust for her co-owners." *Edward B. Marks Music Corp.*, 140 F.2d at 267; *see also Swan v. EMI Music Pub. Inc.*, No. 99-CV-9693, 2000 WL 1528261, at *3 (S.D.N.Y. Oct. 16, 2000). The plaintiff cites §§ 103 and 104 of the Copyright Act, but those sections pertain to "Subject matter of copyright: Compilations and derivative works," 17 U.S.C. § 103, and "Subject matter of copyright: National origin," *id.* § 104. In short, there is nothing for the Court to "correct[]." (ECF No. 33 ¶ 40.)

That leaves the plaintiff's request to review the defendants' financial records and to be paid half of the royalties that the defendants have collected on the 2006 registration. Accounting is a remedy rather than an independent cause of action, and Count I states a claim that, if proven, will entitle the plaintiff to this remedy. *Microsoft Corp. v. AGA Sols., Inc.*, No. 05-CV-5796, 2007 WL 777756, at *7 (E.D.N.Y. Mar. 12, 2007). Count III is therefore dismissed.

7

## IV. Accounting

In Count IV, the plaintiff alleges that he "has the right to access the books and records of Defendants" and that the defendants "have a fiduciary duty to . . . account for any royalties" due to him. (ECF No. 33 ¶¶ 44, 45.) As just discussed, accounting is not a cause of action, and this request is duplicative of Count I. Count IV is dismissed.

## V. Motions for Costs, Attorney's Fees and § 1927 Sanctions

Because the plaintiff adequately states a co-authorship claim in Count I, any motion for costs or attorney's fees is premature. *See* 17 U.S.C. § 505 (allowing "recovery of full costs" and "a reasonable attorney's fee to the *prevailing* party" (emphasis added)); *see also Huurman v. Foster*, No. 07-CV-9326, 2010 WL 2545865, at *16 (S.D.N.Y. June 21, 2010).

Sanctions under § 1927 are appropriate when a party "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This is the plaintiff's second amended complaint. Judge Mauskopf granted the plaintiff leave to file it after a pre-motion conference, and the plaintiff states a meritorious claim in Count I. Sanctions are thus not warranted at this time. *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (permitting § 1927 sanctions only when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" (citation omitted)); *McCabe v. Lifetime Ent. Servs., LLC*, 761 F. App'x 38, 42 (2d Cir. 2019) ("sanctions [are] not appropriate" when "it is not completely inconceivable that a legal theory [supports] a litigant's claims" (internal quotation marks and citation omitted)). The defendants may renew their request for sanctions later in the litigation if they can show good cause.

## CONCLUSION

The defendants' motion to dismiss is granted in part and denied in part. The plaintiff may proceed with a co-authorship claim on Count I; Counts II, III and IV are dismissed. The defendants' motions for costs, fees and sanctions are denied without prejudice to renew.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       June 2, 2023