UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**RONNIE KAHN**,                                             :
                                                             :
                    Plaintiff,   :
                                                             :     **MEMORANDUM DECISION AND**
       – against –                         :     **ORDER**
                                                             :
                                                             :     19-CV-3855 (AMD) (JRC)
**NESHAMA CARLEBACH** and **NEDARA**                         :
**CARLEBACH**,                                               :
                                                             :
                                                             :
                    Defendants.  :
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Court are the parties' cross motions for summary judgment. For the reasons below, the plaintiff's motion is denied, and the defendants' motion is denied with leave to renew.

## BACKGROUND

The plaintiff and the defendants dispute the authorship and ownership of a song titled "Return Again." The plaintiff maintains that he wrote the English lyrics, and that Shlomo Carlebach wrote the music and the Hebrew lyrics.[1] (ECF No. 79-1, Parties' Combined Rule 56.1 Statements and Counterstatements of Material Facts ("Combined 56.1") ¶ 27; *id.* ¶ 72; *id.* (Plaintiff's Response).)[2] The plaintiff registered the song with the U.S. Copyright Office in

---

[1] The Hebrew lyrics are in the public domain and are not a part of this lawsuit.

[2] The parties have filed various versions of Rule 56.1 statements, along with counterstatements, responses, and — in one case — responses to responses. (*See* ECF Nos. 67 (the plaintiff's Rule 56.1 statement and counterstatement in support of his motion for summary judgment); 72-1 (the defendants' Rule 56.1 statement in support of their motion for summary judgment); 74-1 (the defendants' response and counterstatement to the plaintiff's Rule 56.1 statement in opposition to the plaintiff's motion for summary judgment); 75-1 (the plaintiff's response and counterstatement to the defendants' Rule 56.1 statement in opposition to the defendant's motion for summary judgment); 79-1 (the plaintiff's response to the defendants' response and counterstatement to the plaintiff's Rule 56.1 statement in support of his motion for summary judgment). The Court cites to the document that includes the most complete statement of relevant facts and responses whenever appropriate for ease of reference.

1975, with the plaintiff and Mr. Carlebach as co-authors. (*Id.* ¶ 71–72.) Mr. Carlebach died in 1994; the defendants are Mr. Carlebach's daughters and sole heirs. (*Id.* ¶¶ 62, 66, 67.) They claim that Mr. Carlebach wrote the song alone in 1965. (*Id.* ¶¶ 63, 76.) In 2006, the defendants registered the song with the Copyright Office, noting their joint ownership of the copyright and that Mr. Carlebach was the sole author of "words & music." (*Id.* ¶¶ 75–77.) The registration did not mention the plaintiff. (*Id.* ¶ 76.)

Defendant Neshama Carlebach (Ms. Carlebach) is also a musician, who has performed and recorded her father's music, including "Return Again." (*Id.* ¶ 69.) The plaintiff last spoke with Ms. Carlebach in 2004. (*Id.* ¶ 55.) According to the plaintiff, at "that meeting she informed [him] that she intended to record the Composition and promised that [he] would receive writer's credit and [his] fair share of royalties." (*Id.*) The plaintiff maintains that he has never received royalties for the song. (*Id.* ¶ 32.)

On June 2, 2023, the Court dismissed all but one of the plaintiff's claims. (ECF No. 58 at 9.) The only claim currently before the Court is the plaintiff's claim for a declaration that he is a co-author of the song the defendants registered in 2006, as well as an order to pay him 50% of the royalties that the defendants have collected on that registration.

The parties cross-moved for summary judgment on August 8, 2024. (ECF Nos. 72, 73.) The defendants argue that the plaintiff's claim is time-barred, and — in the alternative — that they are entitled to summary judgment on the merits because the 2006 registration is for a different song than the 1975 copyrighted song. The plaintiff claims that he is entitled to summary judgment because the defendants have not provided the deposit copy of the composition that they registered in 2006 and that, in any event, it is clear that the 2006 copyright qualifies as a renewal or derivative work of the 1975 copyright. Each party opposed and replied.

2

**LEGAL STANDARD**

Summary judgment is appropriate if the parties' submissions — including pleadings, deposition transcripts, affidavits, and other material in the record — show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant has the burden of demonstrating that no material fact is genuinely in dispute. *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020). "A fact is material if it might affect the outcome of the suit under the governing law," and a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Summary judgment is appropriate only if "on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in its favor." *Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023) (alterations adopted) (quoting *Capobianco v. City of N.Y.*, 422 F.3d 47, 54–55 (2d Cir. 2005)). A court should not ask whether "the evidence unmistakably favors one side or the other but whether a fair-minded fact-finder could return a verdict for the non-moving party on the evidence presented." *Id.* (alterations adopted) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)).

"Cross-motions for summary judgment do not alter the basic standard." *Basora v. City of Poughkeepsie*, No. 22-CV-3300, 2025 WL 50322, at *3 (S.D.N.Y. Jan. 8, 2025). "When both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party." *Roberts*, 68 F.4th at 88 (2d Cir. 2023) (cleaned up) (quoting *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)); *see also Coutard v.*

*Municipal Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017) ("The fact that both sides have moved for summary judgment does not guarantee that there is no material issue of fact to be tried and that one side or the other is entitled to that relief."). Where, as here, the parties have cross-moved for summary judgment, the Court evaluates each party's motion "on its own merits," and draws all reasonable inferences "against the party whose motion is under consideration." *Roberts*, 68 F.4th at 88 (quoting *Morales*, 249 F.3d at 121).

## DISCUSSION

### I. The Defendants' Statute of Limitations Defense

The defendants argue that the plaintiff's ownership claim is time-barred by the three-year statute of limitations. *See* 17 U.S.C. § 507(b) (civil actions under the Copyright Act must be brought "within three years after the claim has accrued"); *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018) ("The three-year limitations period applies to ownership claims."). A copyright claim of ownership "accrues only once, when 'a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.'" *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) (quoting *Stone v. Williams,* 970 F.2d 1043, 1048 (2d Cir.1992)). The Second Circuit "has identified at least three types of events that can put a potential plaintiff on notice and thereby trigger the accrual of an ownership claim: public repudiation; private repudiation in communications between the parties; and implicit repudiation 'by conspicuously exploiting the copyright without paying royalties.'" *Wilson*, 892 F.3d at 118 (quoting *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 317 (2d Cir. 2013)); *see also Horror Inc. v. Miller*, 15 F.4th 232, 257 (2d Cir. 2021) (recognizing that authorship claims accrue in the same manner).

The plaintiff brought this action on July 2, 2019. (ECF No. 1.) Accordingly, his claim is barred by the statute of limitations if it accrued before July 2, 2016. "Because the statute of

4

limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued." *Szymanski v. Loc. 3, Int'l Bhd. of Elec. Workers*, 577 F. App'x 52, 53 (2d Cir. 2014) (summary order) (quoting *Overall v. Est. of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995)).

The defendants contend that the claim accrued in 2004 — long before July 2016. (ECF No. 72-16 at 14.) The defendants do not argue that they publicly or privately repudiated the plaintiff's ownership. Instead, they maintain that the claim accrued when the plaintiff learned he was "entitled to royalties that [he was] not receiving." *Gary Friedrich Enters.*, 716 F.3d at 317.

The defendants primarily rely on the plaintiff's affidavit in support of his motion for summary judgment. In that affidavit, the plaintiff asserts that he last spoke in-person with Ms. Carlebach in 2004, and that "[i]n that meeting she informed [him] that she intended to record the Composition and promised that [he] would receive writer's credit and royalties." (Combined 56.1 ¶ 55.) The defendants also highlight that the plaintiff affirmed that Ms. Carlebach "was fully aware that [he] co-authored" the song at that time. (*Id.* ¶ 56.) Additionally, they note that the plaintiff wrote a letter to Ms. Carlebach in 2004 — the validity of which they apparently do not dispute — which enclosed the "authorized lyrics" that the plaintiff "was blessed and inspired to have composed for [Mr. Carlebach]." (*Id.* ¶ 57.) Finally, the defendants point to various statements by the plaintiff and his counsel — all of which post-date the start of this litigation — that suggest that the plaintiff has been trying to recover his royalties "for many years now," and has "been waiting for more than 40 years." (*Id.* ¶¶ 58–60.) The defendants argue that the plaintiff's alleged knowledge that he wrote the English lyrics, combined with Ms. Carlebach's alleged statements that she would pay him royalties and the fact that he received none, put the plaintiff on inquiry notice of his claim in 2004. (ECF No. 72-16 at 15.)

5

The plaintiff responds that his claim accrued only in 2018, when the defendants failed to respond to his demand letters. (ECF No. 75 at 3–4.)[3] He further claims that he did not know that the defendants were receiving royalties before discovery in this action. (*Id.*; *see also* Combined 56.1 ¶¶ 46–47.)

Many of the facts concerning the plaintiff's knowledge of royalties remain unclear. There are, however, relevant materials in the discovery record, which neither party marshals in support of or in opposition to this portion of the defendants' motion. For example, in support of his motion on the merits, the plaintiff relies on a letter that is purportedly from the director of The Israel Records Manufacturing Co., which arguably put him on notice that he was entitled to royalties in 1978. (*See* ECF No. 67-5; Combined 56.1 ¶ 29.) Moreover, while there is no question that "mere registration of a copyright without more" does not "suffice[] to trigger the accrual of an ownership claim," *Wilson*, 892 F.3d at 119, it may be "considered together with Plaintiff's failure to receive royalties, despite the widespread distribution and exploitation of the Compositions," to have put the plaintiff on notice of his claims, *Cole v. Blackwell Fuller Music Publ'g*, LLC, No. 16-CV-7014, 2018 WL 4680989, at *5 (S.D.N.Y. Sept. 28, 2018). The question, then, would be the extent to which the defendants exploited the song, and whether such use should have put the plaintiff on notice that he was entitled to royalties.[4]

---

[3] The plaintiff argues that the claim only accrues upon "express repudiation." (ECF No. 75 at 3 (quoting *Kwan*, 634 F.3d at 224).) The plaintiff is correct. However, the Second Circuit has held that an authorship claim accrues — that is, there is "express repudiation" — "when alleged co-owners learn they are entitled to royalties that they are not receiving." *Gary Friedrich Enters., LLC*, 716 F.3d at 317.

[4] There is also record evidence relevant to these questions. For example, in 2019, the plaintiff wrote an "open letter" to the defendants, which he sent to his lawyer. (ECF No. 72-5.) In that letter, the plaintiff describes "Return Again" as a "now classic song; published worldwide in hundreds of recordings, hymnals and prayer books; and serving as the Finale of a recent Tony Award-winning Broadway Musical about Reb Shlomo, called 'Soul Doctor' currently on-tour worldwide." (*Id.* at 2.) However, this evidence does not clarify when the plaintiff knew that the defendants were "conspicuously exploiting the copyright." *Wilson*, 892 F.3d at 118.

6

The defendants, however, deny that the letter is admissible and do not rely on it. (Combined 56.1 ¶ 29 (Defendants' Response).) And absent that letter, there is no record evidence that establishes that the plaintiff knew that the song was being conspicuously exploited or that he was entitled to royalties as a result of its use before July 2016. *See, e.g.*, *Ferrarini v. Irgit*, No. 19-CV-96, 2020 WL 122987, at *4 (S.D.N.Y. Jan. 9, 2020) (where no facts suggest "that Plaintiff knew or should have known of Defendants marketing, sale and copyright registration of the [work], Plaintiff was not on inquiry notice of her claim"), *aff'd,* No. 21-597-CV, 2022 WL 1739725 (2d Cir. May 31, 2022); *cf. Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-CV-1764, 2023 WL 4763725, at *14–*15 (S.D.N.Y. July 26, 2023) (holding that the plaintiff's ownership claims accrued before the statute of limitations because, "[c]onsidering the depth of [the plaintiff's] experience in the music industry," and the fact that he "worked as a disc jockey in Detroit, and played . . . the Compositions on the radio" without receiving royalties, he was on notice of his claims decades before he sued), *aff'd,* No. 23-7386-CV, 2024 WL 4929257 (2d Cir. Dec. 2, 2024); *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) (affirming dismissal of ownership claim as barred by the statute of limitations where the albums, which "sold millions of copies," named the defendant as the sole copyright owner and the plaintiff was "an experienced sound engineer in the recording industry," who should have known that he would be entitled to royalties if he had an ownership interest).

On this record, when viewed in the light most favorable to the plaintiff, the Court cannot conclude as a matter of law that the defendants have carried their burden and established that the plaintiff was on inquiry notice of his claim more than three years before it was filed. Accordingly, the defendants' motion for summary judgment based on the statute of limitations is denied. However, because the Court believes that there may be facts in the record that bear on

7

this issue, which were not presented on this motion or which may become clearer with limited additional discovery, the defendants may renew their argument that the plaintiff's claim is time-barred.[5]

## II.     The Parties' Cross-Motions on the Merits

Each party also moves for summary judgment on the merits, asking the Court to declare, as a matter of law, whether the plaintiff has an ownership interest in the song.  "In ownership cases, the core dispute is whether the plaintiff owns the underlying intellectual property." *Roberts v. BroadwayHD LLC*, No. 19-CV-9200, 2022 WL 976872, at *8 (S.D.N.Y. Mar. 31, 2022).  The record before the Court is rife with genuine disputes of material fact — chief among them, the ultimate issue of fact: whether the plaintiff wrote the English lyrics to "Return Again" in 1975 or whether Mr. Carlebach did in 1965.  Both parties state their version of the events in their Rule 56.1 statements, and both parties deny the opposing parties' factual assertions in their responses.  (*See, e.g.*, Combined 56.1 ¶¶ 27, 30, 50, 63, 80.)  There is also a genuine dispute of material fact on the status of the 2006 recording — specifically, whether it is a separate song or derivative of the song registered in 1975.  (*See, e.g.*, Combined 56.1 ¶¶ 42, 44, 45.)  Indeed, there is even a genuine dispute of material fact as to the authenticity of the deposit copy of the recording that Ms. Carlebach registered.  (*Id.* ¶ 78.)

---

[5] The Court does not consider the plaintiff's claim — to the extent he intends to make it — that he is entitled to equitable tolling of the statute of limitations because of his health.  (ECF No. 75 at 5). *See, e.g. D'Arezzo v. Appel*, No. 22-CV-177, 2024 WL 4384027, at *13 n.6 (S.D.N.Y. Oct. 3, 2024) ("Because the Court declines to grant summary judgment to Defendants on limitations grounds based upon the existence of genuine issues of material fact as to whether and when [the defendant] plainly and expressly repudiated Plaintiff's claim of joint authorship, the Court does not reach the issues of whether the limitations period should be equitably tolled.")

None of the parties' remaining arguments persuade the Court that there is basis to decide these issues as a matter of law.  Accordingly, the parties' cross-motions for summary judgment are denied.

## CONCLUSION

For these reasons, the cross-motions for summary judgment are denied.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 11, 2025